UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PENNSYLVANIA MANUFACTURERS'                           **REPORT AND**
ASSOCIATION INSURANCE COMPANY and                     **RECOMMENDATION**
PENNSYLVANIA MANUFACTURERS
INDEMNITY COMPANY,

                                    Plaintiffs,        15-CV-00747-EAW-JJM

v.

CARRIER COACH, INC.,

                                    Defendant.
_____

## INTRODUCTION

This action has been referred to me by Hon. Elizabeth A. Wolford for supervision

of pretrial proceedings, including preparation of a Report and Recommendation on dispositive

motions [12, 23].[1]  Before me is plaintiffs' motion for partial summary judgment [22].  Oral

argument was held on September 26, 2016 [37].  For the following reasons, I recommend that

the motion be denied, without prejudice to renewal at a later date.


## BACKGROUND

Plaintiffs, referring to themselves collectively as "PMA", allege that defendant

Carrier Coach has failed to pay premiums owing on four Workers' Compensation and

Employers' Liability insurance policies issued to it for the years 2011 - 2014.  Amended

Complaint [14].  PMA contends that "based on continuing adjustments and audits under the

subject Policies, an award of judgment of a sum certain is not possible in this case".  PMA's

_____

[1]        Bracketed references are to CM-ECF docket entries.

Memorandum of Law [22-73], p. 18 of 19.  Therefore, it seeks "summary judgment on liability only and has asked the Court to direct PMA to submit a separate motion for damages which will determine the final judgment."  PMA's September 23, 2016 letter brief [36], p. 2.

## ANALYSIS

"In order to maintain a cause of action for breach of contract, a plaintiff must prove (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  PMA's Memorandum of Law [22-73], p. 8 of 19.

Summary judgment as to liability may be appropriate where "it is clear that some damages are recoverable and the only question is the amount."  City of Burlington v. Arthur J. Gallagher & Co., 944 F. Supp. 333, 339 (D. Vt. 1996).  While PMA's counsel suggests that "[t]here is virtually no chance . . . that any return of premium to Carrier Coach will result in cancelling out the nearly $900,000 in premium presently due PMA", PMA's September 23, 2016 letter brief [36], p. 3, "virtually" no chance does not mean *no* chance - and in any event, "[a]n attorney's unsworn statements in a brief are not evidence".  Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009).

"[S]ummary judgment is improper when the court merely believes that the opposing party is unlikely to prevail on the merits after trial."  American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981).  This is true even if the court finds the opposing party's likelihood of success to be "extremely unlikely".  CrossLand Federal Savings Bank by F.D.I.C. v. A. Suna & Co., 935 F. Supp. 184, 198, n. 8 (E.D.N.Y. 1996).  Therefore, unless and until PMA identifies a premium amount that is

-2-

*indisputably* due and owing, summary judgment as to liability is not warranted.  "[I]f there is no liability without damage and damages are in dispute, summary judgment [on liability] should not be granted."  10B Wright, Miller, Kane, et al., <u>Federal Practice & Procedure (Civil)</u>, §2736 (4th ed.).  *See also* <u>City of Burlington</u> , 944 F. Supp. at 339 ("[b]ecause the issues of liability and damages are intertwined, the Court denies Plaintiffs' Motion for Summary Judgment");  <u>In re Reddy</u>, 2012 WL 3257817, *2 (Bk. E.D. Mich. 2012) ("[t]here appears to be a material dispute about the amount of damages that might be involved, and that determination is sufficiently intertwined with the liability question as to further militate in favor of denying summary judgment, at least at this stage of the proceedings"); <u>Wells Fargo Bank v. Trolley Indus., L.L.C.</u>, 2013 WL 4669822, *12 (E.D. Mich.  2013) ("[b]ecause the issue of liability is necessarily intertwined with the issue of damages, Wells Fargo is not entitled to summary judgment as to the issue of liability until the issue of damages, if any, is resolved").

Moreover, even if I believed that PMA had demonstrated its entitlement to summary judgment on liability (and I do not), I would nevertheless recommend that the court exercise its discretion to defer that determination to a later time.  "The trial court has the right to exercise its discretion to deny a motion for summary judgment, even if it determines that a party is entitled to it, if, in the court's opinion, the case would benefit from a full hearing."  <u>Industrial Technology Ventures LP v. Pleasant T. Rowland Revocable Trust</u>, 2015 WL 1924924, *14 (W.D.N.Y. 2015) (Telesca, J.).  *See also* <u>Toyoshima Corp. of California v. General Footwear, Inc.</u>, 88 F.R.D. 559, 560 (S.D.N.Y. 1980) ("[t]his discretion may be exercised where a part of the matter which is ripe for summary judgment is intertwined with additional claims that must be decided"); <u>In re Megan-Racine Associates, Inc.</u>, 180 B.R. 375, 380 (Bk. N.D.N.Y. 1995)

("[t]he trial court may prefer to reserve judgment on the motion or deny the motion until all the evidence is presented and a more complete factual record is formed").

PMA asks the court for "a further order directing it to file a motion for damages". PMA's Memorandum of Law [22-73], p. 19 of 19.  No such order is necessary:  if PMA believes it has a basis for obtaining summary judgment on damages, then it is free to file a motion seeking that relief. However, in order to keep this case on track, I will set a deadline for that motion if Judge Wolford adopts this Report and Recommendation.  In the interim, however, I strongly encourage the parties to negotiate in good faith with a view toward resolving this case.[2]


**CONCLUSION**

For these reasons, I recommend that PMA's motion for partial summary judgment [22] be denied, without prejudice to renewal at a later date. Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the clerk of this court by October 14, 2016 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)).  Any requests for extension of this deadline must be made to Judge Wolford.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

---

[2]      On December 8, 2015 PMA moved to opt out of mediation, arguing that it "intends to move for summary judgment on the amount due and owing under the policies forthwith".  [18], p. 1.  I granted the motion since it was unopposed [19].  However, instead of moving "forthwith", PMA did not file this motion until June 29, 2016, and even then did not seek judgment "on the amount due and owing". Therefore, I reserve the right to revisit my prior order allowing the parties to opt out of mediation.

-4-

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.  Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED:   September 27, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge