UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PENNSYLVANIA MANUFACTURERS'           **REPORT AND**
ASSOCIATION INSURANCE COMPANY and     **RECOMMENDATION**
PENNSYLVANIA MANUFACTURERS
INDEMNITY COMPANY,                    15-CV-00747-EAW-JJM

                                  Plaintiffs,

v.

CARRIER COACH, INC.,

                                  Defendant.
_____

Before the court is plaintiffs' renewed motion for summary judgment [54],[1] which has been referred to me for initial consideration [23]. Having carefully considered the parties' submissions [54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 69, 71, 72, 73, 74, 75, 76, 79], I recommend that the motion be denied.

**BACKGROUND**

The relevant background to this motion is set forth in my September 27, 2016 Report and Recommendation [38], subsequently adopted by District Judge Elizabeth Wolford [43], which recommended denial of plaintiffs' prior motion [22] seeking summary judgment due to defendant's failure to pay premiums on insurance policies issued by plaintiffs. In moving for that relief, plaintiffs explained that they were "seeking summary judgment on **liability only**" (plaintiffs' Letter Brief [36], p. 2, emphasis in original), because "[b]y its nature, retrospective insurance involves continual adjustments which alter the amount of premium due and owing

---

[1]     Bracketed references are to CM-ECF docket entries.

over time". Id. They admitted that "based on continuing adjustments and audits under the subject Policies, an award of judgment of a sum certain is not possible in this case". Plaintiffs' Memorandum of Law [22-73], p. 18 of 19. In recommending that the motion be denied, I stated that "unless and until [plaintiff] identifies a premium amount that is *indisputably* due and owing, summary judgment as to liability is not warranted". Report and Recommendation [38], pp. 2-3.

Plaintiffs now move for summary judgment awarding "compensatory damages in the amount of $811,425.76, as well as pre-judgment interest". [54], p. 2. In response, defendant points out that "[p]laintiffs have erased numerous concessions in this regard from their [prior] submission in an effort of not being haunted by them on their Renewed Motion . . . . Indeed, given the nature of retrospectively rated workers' compensation policies - where the amounts of premiums can only finally be determined after all claims are fully administered - Plaintiffs cannot definitively prove that Carrier Coach will owe them anything as long as claims remain outstanding. That was the case on June 29, 2016 when Plaintiffs filed the Prior Motion, and it continues to be the case today." Defendant's Memorandum of Law [75], p. 4.

In reply, plaintiffs attempt to retract their earlier admission that an award of judgment for a sum certain "is not possible in this case", arguing that "the sentence should have read 'is not possible in this case *at this time*.' Even so, it was a poorly worded sentence because an award of a sum certain on damages was *clearly possible* in June 2016 when plaintiffs filed the prior motion". Plaintiffs' Reply Memorandum [79-9], p. 4 (emphasis in original).

**DISCUSSION**

Summary judgment may not be granted merely because the court believes that the opposing party is "unlikely" or even "extremely unlikely" to prevail at trial. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981); CrossLand Federal Savings Bank by F.D.I.C. v. A. Suna & Co., 935 F. Supp. 184, 198, n. 8 (E.D.N.Y. 1996). The question before the court is not whether defendant will ultimately be liable to plaintiffs for *some* amount of damages, but whether plaintiffs have demonstrated their entitlement as a matter of law to the amount which they seek in the pending motion.

In answering that question, I must "review the record as a whole [and] must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 151 (2000). In other words, I must give defendant "the benefit of all inferences which the evidence fairly supports, even though contrary inferences might reasonably be drawn". In re Dana Corp., 574 F.3d 129, 152 (2d Cir. 2009); Howley v. Town of Stratford, 217 F.3d 141, 150-51 (2d Cir. 2000) ("the court is required to resolve all ambiguities, and to credit all factual inferences that could rationally be drawn, in favor of the party against whom summary judgment is sought").

In doing so, I may not overlook plaintiffs' prior admission that "an award of judgment of a sum certain is not possible in this case" (plaintiffs' Memorandum of Law [22-73], p. 18 of 19), since "an admission in a brief may show that there is an issue to be tried". 10A Wright, Miller, *et al*., Federal Practice & Procedure (Civil) §2723 (4th ed.) §2723. Although plaintiffs now suggest that they should have used different language, for purposes of this motion I must focus on the language they *did* use. "A litigant may not play fast and loose with the courts

by freely taking inconsistent positions in a lawsuit and simply ignoring the effect of a prior filed document". Augustyniak v. Lowe's Home Center, LLC, 2016 WL 462346, *4 (W.D.N.Y. 2016).

In any event, plaintiffs' current position is self-contradictory: whereas they initially argue that in their prior motion they meant to say that judgment for a sum "is not possible in this case ***at this time***" (plaintiffs' Reply Memorandum [79-9], p. 4 (emphasis in original, referring to the time of the original motion), in the very next sentence they state that "an award of a sum certain on damages was ***clearly possible*** in June 2016 when plaintiffs filed the prior motion". Id. (emphasis in original). This inconsistency undercuts their entitlement to summary judgment. See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 847 (2d Cir. 2013) ("inconsistent . . . explanations [may] defeat summary judgment"); Diallo v. I.N.S., 232 F.3d 279, 287-88 (2d Cir. 2000) ("an adverse credibility determination [may be] appropriately based upon inconsistent statements [and] contradictory evidence"); Digilov v. JPMorgan Chase Bank, N.A., 2015 WL 685178, *14 (S.D.N.Y. 2015) ("[c]ourts have denied summary judgment where [the moving party] offered shifting and somewhat inconsistent explanations for [its] action").

Moreover, in moving to opt out of mediation on December 8, 2015, plaintiffs argued that "Carrier Coach is in a precarious financial condition having no resources to commit to a settlement . . . . PMA intends to move for judgment on the amount due and owing under the policies *forthwith* to preserve its rights should Carrier Coach file for bankruptcy." Plaintiffs' Letter Motion [18], p. 1 (emphasis added). "'Forthwith' means immediately, without delay, or as soon as the object may be accomplished by reasonable exertion." City of New York v. McAllister Brothers, Inc., 278 F.2d 708, 710 (2d Cir. 1960).

However, plaintiffs failed to move for summary judgment until June 29, 2016, over six months later, and even then did not seek summary judgment for damages. That

unexplained delay gives rise to a reasonable inference that they recognized that such relief is not available. "Admissions can be made expressly or may be inferred from conduct." United States v. Brown, 604 F.2d 347, 351 (5th Cir. 1979). *See also* Howley, 217 F.3d at 151 ("[i]f there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper"); Sylvia Development Corp. v. Calvert County, Maryland, 48 F.3d 810, 821 (4th Cir. 1995) ("the summary judgment standard requires us to resolve conflicting inferences from circumstantial evidence in favor of the non-moving party").

Therefore, I conclude that plaintiffs have not established their entitlement to summary judgment. However, defendant should not lightly assume that this means it will escape liability altogether; for without prejudging the issue, it appears highly unlikely that defendant is not liable for at least some amount of premiums. Moreover, the deadline for pretrial discovery having long since expired ([17], ¶9), the case is ready for trial.

Plaintiffs seem to believe that any judgment which they may obtain "will likely prove to be nothing more than a nullity". Plaintiffs' Reply Memorandum [79-9], p. 10 of 19, n. 1. Whether or not that is true, all parties will continue to incur expense until this case is resolved, either by trial or otherwise. Therefore, as I have done in the past, I again strongly encourage the parties to continue their settlement discussions, and am willing to assist in that regard if the parties wish me to do so.

**CONCLUSION**

For the reasons discussed, I recommend that plaintiffs' renewed motion for summary judgment [54] be denied. Unless otherwise ordered by Judge Wolford, any objections

to this Report and Recommendation must be filed with the clerk of this court by June 7, 2017. Any requests for extension of this deadline must be made to Judge Wolford. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED: May 24, 2017

                                           /s/ Jeremiah J. McCarthy
                                           JEREMIAH J. MCCARTHY
                                           United States Magistrate Judge